# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| FREDRIC LEHRMAN, a single person, | Case No. C14-607RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| U.S. BANK, N.A. as trustee for Stanwich Mortgage Loan Trust, Series 2012-3; REGIONAL TRUSTEE SERVICES CORPORATION; ELIZABETH A. OSTERMANN, an unknown person or entity; CARRINGTON MORTGAGE SERVICES, LLC; JOHN DOES Nos. 1-50, | |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Dismiss filed by Defendants U.S. Bank, N.A., as Trustee for Stanwich Mortgage Loan Trust, Series 2012-3 ("U.S. Bank"), Elizabeth Osterman ("Osterman") and Carrington Mortgage Services, LLC ("Carrington"). Dkt. #39. For the reasons stated below, the Court GRANTS Defendants' Motion and dismisses Plaintiff's claims with prejudice.

//

//

ORDER GRANTING MOTION TO DISMISS - 1

## II. BACKGROUND

### A. Factual Background[1]

On or about November 28, 2006, Plaintiff Frederic Lehrman sought and obtained a loan for $530,400 related to his real property located at 13609 SE 58th Place, Bellevue, Washington. He states he was never informed of the true identity of the actual lender that funded that loan. On April 24, 2013, a Notice of Default issued as to this loan. A trustee sale was scheduled for March 27, 2014. Plaintiff asserts that there is no legitimate deed of trust or note that evidences a debt owed by the plaintiff, and that there is no competent chain of title to establish standing for any defendant to assert claims against the plaintiff or his real property.

Plaintiff attaches a loan auditor's analysis of the history of the alleged loan in this action. The "lender" in this report is listed as "Wells Fargo Bank, N.A." Dkt. #1-1 at 43. The report appears to indicate that an assignment of the loan in favor of Defendants was recorded on January 24, 2013, effective March 29, 2012. Dkt. #1-1 at 52.

### B. Procedural Background

Plaintiff's Complaint was originally filed on March 27, 2014, in King County Superior Court. Dkt. #1-1. In the Complaint, Plaintiff named as defendants U.S. Bank in its capacity as trustee of the Stanwich Mortgage Loan Trust, Series 2012-3, the securitized trust which owns Plaintiff's loan; Elizabeth A. Osterman; and Carrington Mortgage Services, the former servicer of the Loan. *Id.* Plaintiff brings six claims: (1) wrongful initiation of nonjudicial foreclosure under Washington's Deed Trust Act, RCW 61.24 et seq.; (2) fraud; (3) slander of title; (4) declaratory judgment; (5) negligence; and (6) violation of Washington State's Consumer

---

[1] The following background facts are taken from Plaintiff's Complaint, Dkt. #1-1, and accepted as true for purposes of ruling on Defendants' Rule 12(b)(6) Motion to Dismiss. The Court notes that the Complaint's factual background is difficult for the Court to parse as it is contained in a section titled "Actionable Conduct (illustrative)" containing more legal argument than facts.

Protection Act. *Id*. Plaintiff's Complaint alleges that "[n]one of the defendants has standing to assert claims against the plaintiff or his real property, and they are strangers to this loan transaction." *Id*. at 19. The Complaint alleges that Defendants "are complicit in supporting a fraudulent, illegal, void nonjudicial foreclosure of the plaintiff's real property." *Id*. The Complaint asserts that the Court should "require the defendants to participate in vigorous discovery before any pre-trial motion practice is considered for disposition of this action." *Id*.

Although this case was removed to this Court on April 23, 2014, the action was stayed pending resolution of the receivership of former defendant Regional Trustee Services Corporation ("RTS"). Dkt. #23. On September 20, 2016, this Court issued its Order lifting the stay of proceedings. Dkt. #36. The instant Motion was filed on December 28, 2016. Dkt. #39. Plaintiff's Response was filed on January 11, 2017, with a Reply filed by Defendants on January 17, 2016. Dkts. #40 and #41. There has been no further activity in this case.

### III. DISCUSSION

#### A. Legal Standard

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include

detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, Plaintiff's claims must be dismissed. *Id*. at 570.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Plaintiff's Request in Response Brief to Amend his Complaint**

The Court will first address Plaintiff's request in his Response to seek "leave from the Court to amend his complaint, to include Wells Fargo Bank, N.A. and Selene Finance as Defendants, and newly discovered causes of action and information." Dkt. #40 at 4. Plaintiff has not requested this relief by filing a motion, nor has he explained in his Response why he failed to add Wells Fargo or Selene at an earlier point in this litigation.

Defendants argue they are unable to adequately respond to Plaintiff's request to add "newly discovered causes of action and information" without knowing the details those claims. *See* Dkt. #41 at 2. However, Defendants argue that any claims against Wells Fargo would likely be barred by the applicable statute of limitations.

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*,

ORDER GRANTING MOTION TO DISMISS - 4

371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

The Court finds that Plaintiff's threadbare request to amend his Complaint does not allow the Court to properly consider the above factors. Based on the record before it, the Court cannot grant Plaintiff's relief. However, even if Plaintiff had provided more detail, the Court believes the factors of futility, prejudice to the opposing party, and undue delay would weigh heavily against amendment. As noted by Defendants, any claims against Wells Fargo or Selene Finance based on a 2006 loan would almost certainly be barred by the statute of limitations. Wells Fargo and Selene would be prejudiced by the substantial delay in bringing a claim based on these facts. Finally, even if Wells Fargo and Selene were not prejudiced, the Court could easily find that Plaintiff has unduly delayed amendment in this matter, given that Plaintiff filed this action nearly three years ago with reasonable knowledge of the bank that issued his loan.

**C. Motion to Dismiss**

Defendants argue that the Complaint fails to state that Plaintiff "has been wronged by Defendants in any particular regard," and has "simply demanded that Defendants explain and prove, with evidence subjectively acceptable to [Plaintiff], why they have the authority to prosecute the foreclosure on his property." Dkt. #39 at 4. Defendants ask the Court to take judicial notice of certain loan and assignment documents referenced in the Complaint. *Id*. at 6 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)). The Court agrees to take judicial notice of these documents. *See* Dkts. #39-2 and #39-3.

### 1. Plaintiff's First and Fifth Causes of Action

Defendants argue that Plaintiff's claims for "wrongful initiation of nonjudicial foreclosure" and negligence fail to state a claim because "Defendants have the title records" and because "Plaintiff has failed to allege in any cognizable way what Defendants did in violation of the [Deed Trust Act]." *Id*. at 9. Defendants cite to *Vawter v. Quality Loan Service Corp.*, 707 F.Supp. 2d 1115, 1126 (W.D. Wash. 2010) as a case on point. In *Vawter*, the court found that the plaintiffs had failed to plead a viable claim under the Deed Trust Act and Washington Law because they had not identified "any statutory provision of the DTA that permits a cause of action for wrongful institution of foreclosure proceedings." 707 F.Supp. 2d at 1123. *Vawter* held that "it does not follow that a grantor or borrower can maintain a cause of action for damages for violation of the DTA where the trustee's sale is discontinued" and granted judgment on the pleadings in favor of the defendant bank. *Id.* at 1124.

In Response, Plaintiff argues that he "asserts and believes that a negligence claim may be available when the law imposes some other duty of affirmative care." Dkt. #40 at 5. Plaintiff does not address *Vawter* or cite to cases on point. Instead, Plaintiff argues that "a negligence claim may be available when the law imposes some other duty of affirmative care," citing an out-of-circuit RESPA case. *Id*. (citing *Rawlings v. Dovenmuehle Mortg.*, 64 F. Supp. 2d 1156 (M.D. Ala. 1999). Plaintiff otherwise asserts that he believes he was owed a duty of care by his loan servicer and Wells Fargo, citing *Islam v. Option One Mortgage Corp.*, 432 F. Supp. 2d 181 (D. Mass. 2006).

On Reply, Defendants argue that the burden is on Plaintiff to articulate a defect in the chain of title on which to premise the wrongful initiation of nonjudicial foreclosure claim, and that Plaintiff has still failed to do so. Dkt. #41 at 3. Defendants point out that Plaintiff has not

objected to the Court taking judicial notice of the documents attached to Defendants' Request for Judicial Notice. *Id*. Defendant argues that these documents "demonstrate that the proper assignments or appointments were all in the public record when U.S. Bank and Carrington initiated the foreclosure in this case." *Id*. Defendants argue that dismissal should be granted without leave to amend because "no amendment will change the recorded documents." *Id*.

Plaintiff fails to assist the Court with applicable legal authority for bringing these claims based on the current record. Plaintiff's first cause of action does not point to a defect in the chain of title, instead stating baldly that "[t]he defendants have no competent evidence to prove they have standing to foreclose," Dkt. #1-1 at 24, and otherwise turning the burden onto Defendants to articulate why they have the authority to proceed with foreclosure. Plaintiff's fifth cause of action merely states the elements of a negligence claim without pointing to specific events in the record. The Court agrees with Defendants that the record does not support Plaintiff's first and fifth causes of actions and finds that Plaintiff otherwise fails to state claims upon which relief can be granted. The Court finds that amendment to the Complaint cannot change the recorded documents, that Plaintiff has remained silent with regard to Defendants' dispositive arguments, and that therefore dismissal with prejudice is warranted.

### 2. Plaintiff's Second Cause of Action

Defendants argue that Plaintiff's fraud claim fails to meet the Rule 9(b) heightened pleading standard. Dkt. #39 at 10 (citing *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1104 (9th Cir. 2003)).

Plaintiff does not respond to Defendants' arguments in his Response. *See* Dkt. #40.

The Court agrees with Defendants that Plaintiff's fraud claim lacks particularity and finds that Plaintiff's Second Cause of Action should be dismissed with prejudice. The

ORDER GRANTING MOTION TO DISMISS - 7

Complaint's section on fraud appears to the Court to be a formulaic recitation of the elements with minimal detail. *See* Dkt. #1-1 at 26-29. Plaintiff has made no effort to defend this claim or to explain how amendment could save this claim from dismissal.

### 3. Plaintiff's Third Cause of Action

Defendants argue that Plaintiff's slander of title claim fails to plead the elements of such a claim either in its facts or in the cause of action. Under Washington law, slander of title is defined as: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss. *Rorvig v. Douglas*, 123 Wn.2d 854 (1994).

In his Response, Plaintiff argues that the Complaint "clearly states a claim for Slander of Title," because [t]he fact that multiple documents are flawed makes it highly unlikely that the guidelines regarding WA Civil Code or the Pooling Servicing Agreement were adhered to…. the signature discrepancies add questions as to the validity of any process surrounding a foreclosure and or future sales; known as clouded title." Dkt. #40 at 7. Plaintiff argues that Defendants slandered Plaintiff's title "by recording these flawed and inaccurate documents," and that Plaintiff has "expended a substantial amount of time and money to clear up this slander." *Id*.

On Reply, Defendants repeat that Plaintiff has failed to plead the actual elements of this claim. Defendants then step through each element, showing how each cannot be satisfied based on the undeniable record, including the judicial notice documents. Dkt. #41 at 5.

The Court finds that Plaintiff has failed to sufficiently plead the elements of this claim. The Complaint fails to step through each of these elements and to connect them with the facts of

the case. The Court is further convinced that Plaintiff cannot state a viable claim for the reasons stated by Defendants, even with amendment. *See* Dkt. #41 at 5.

### 4. Plaintiff's Fourth Cause of Action

Defendants argue that Plaintiff's declaratory relief claim brought pursuant to RCW 7.24.010 et seq. should be dismissed because there is no existing and genuine controversy in this matter. Plaintiff objects to Defendant's arguments without legal analysis, stating only that declaratory relief is available under the Declaratory Judgment Act, 28 U.S.C. § 2201. Dkt. #40 at 7.

The Court finds that Plaintiff has failed to articulate a basis for seeking declaratory relief under the Declaratory Judgment Act. After dismissing all other claims in this case, there is no existing and genuine controversy in this matter, nor does the Court see how there could be with further amendment. This claim will be dismissed with prejudice.

### 5. Plaintiff's Sixth Cause of Action

Defendants argue that Plaintiff's CPA claim should be dismissed because "Plaintiff has alleged no factual basis for disregarding the title records…. [t]hus he has failed to allege grounds to dispute Defendants' legal right to take the actions described in the Complaint." Dkt. #39 at 13. Defendants argue that Plaintiff's claim asserts mere labels rather than the necessary facts. Plaintiff does not respond to Defendants' arguments in his Response or otherwise address his CPA claim. *See* Dkt. #40.

The Court finds that Plaintiff's claim is merely a formulaic recitation of the elements of a CPA claim and that dismissal is therefore warranted. *See Twombly, supra*. Plaintiff has made no effort to defend this claim or to explain how amendment could save this claim from dismissal. Dismissal with prejudice is therefore warranted.

ORDER GRANTING MOTION TO DISMISS - 9

### D. Leave to Amend

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber, supra.*

The Court prefers to grant leave to amend where a complaint has the type of deficiencies listed above—formulaic recitation of elements, lack of necessary details, failure to breakdown the elements of a claim. However, in this case Defendants have cited to the actual loan and assignment documents at issue in this matter and given Plaintiff an opportunity to explain how he could amend each of his claims to survive dismissal. Plaintiff has failed to respond to the vast majority of Defendants' arguments. The Court finds that Plaintiffs cannot allege different facts, consistent with the challenged pleading and documents subject to judicial notice, which could survive dismissal and that therefore leave to amend should not be granted in this matter.

### IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss (Dkt. #39) is GRANTED. All of Plaintiff's claims are DISMISSED with prejudice.

2) The Court declines to grant Plaintiff leave to amend his Complaint.

3) This case is CLOSED.

DATED this 12th day of April, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE